IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| ROY SILAS SHELBURNE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, on behalf of the United States Department of Health and Human Services ("HHS") and the Center for Medicare and Medicaid Services ("CMS"), and the Commonwealth of Virginia (the "Commonwealth") bring this fraud action against Roy Silas Shelburne ("Shelburne") to recover losses sustained by the Virginia Medicaid program. Over the course of several years, Shelburne prepared false or fraudulent claims for dental services for payment by the Virginia Medicaid program. The claims of the Commonwealth arise from the same transactions or occurrences as the claims of the United States.

## NATURE OF ACTION

1.     The United States brings this action to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. The Commonwealth brings this action to recover treble damages and civil penalties under the Virginia Fraud Against Taxpayers Act ("VFATA"), Va. Code Ann. §§ 8.01-216.1, *et seq.* The Commonwealth brings this action to recover damages and interest as provided for in Va. Code Ann. § 32.1-312(A)(2) . The

1

Commonwealth also seeks the recovery of damages and other monetary relief under common law fraud and unjust enrichment claims.

    2.    The bases for this action are:

        a.    Defendant knowingly presented, or caused to be presented, to the Department of Medical Assistance Services ("DMAS"), the Virginia Medicaid program, false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1) and Va. Code Ann. § 8.01-216.3(1).

        b.    Defendant knowingly made willful misrepresentations of, or willfully concealed, material facts to obtain benefits or payments from DMAS in greater amounts than that to which they were entitled, in violation of Va. Code Ann. § 32.1-312(A)(2).

        c.    Defendant was unjustly enriched by retaining Medicaid funds based on materially false or fraudulent statements or records.

    3.    Within the time frames detailed below, Shelburne engaged in a fraudulent scheme that caused DMAS to pay excessive reimbursement for pediatric dental services purportedly performed by Shelburne on Virginia Medicaid recipients.  Under this scheme, Shelburne, or others acting under his direction, knowingly presented, or caused to be presented, false or fraudulent claims for dental services that Shelburne knew were not actually performed ("no service performed"), had previously been billed and paid ("double-billed"), were rebillings of one time procedures ("rebilled"), were billed for a higher level than actually performed ("upcoded"), or were not medically necessary or did not meet applicable community and/or national standards of care ("not medically necessary").

4.      In submitting the false or fraudulent claims, Shelburne made wilful misrepresentations or wilfully concealed material facts, committed fraud on DMAS, and was unjustly enriched by the receipt of funds from DMAS as a result of his fraudulent conduct.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claim of the United States pursuant to 28 U.S.C. §§ 1331 and 1345 and 31 U.S.C. § 3732(a).  This Court has supplemental jurisdiction to entertain the claim of the Commonwealth of Virginia pursuant to 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).  This Court has supplemental jurisdiction to entertain the common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a).

6.      This Court has venue over these claims under 31 U.S.C. § 3732 and 28 U.S.C. §§ 1391 (b) and (c), in that Shelburne transacted business or the acts alleged to have violated the FCA, the VFATA, and Va. Code Ann. § 32.1-312(A)(2), and that constituted common law fraud and unjust enrichment occurred in the Western District of Virginia.

## THE PARTIES

7.      Plaintiffs are the United States, on behalf of its agencies and instrumentalities, including the Department of Health and Human Services ("HHS") and the Center for Medicaid Services ("CMS"), and the Commonwealth of Virginia.

8.      Defendant ROY SILAS SHELBURNE was, at all times relevant to this Complaint, a licensed dentist who practiced dentistry in Pennington Gap, Virginia.

9.      Shelburne practiced dentistry beginning approximately January 1, 2000, using ROY S. SHELBURNE, DDS, LTD, a Virginia corporation.

## STATUTORY AND REGULATORY PROVISIONS

### The False Claims Act

10.     The FCA provides, in part, that:

(a) Any person who (1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;. . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

(b) For purposes of this section –
    (1) the terms "knowing" and "knowingly" –
        (A)  mean that a person, with respect to information –
            (1) has actual knowledge of the information;
            (2) acts in deliberate ignorance of the truth or falsity of the information; or
            (3) acts in reckless disregard for the truth or falsity of the information; and
    (2) require no proof of specific intent to defraud.

31 U.S.C. § 3729.  Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes), 64 Fed. Reg. 47099, 47103 (1999), and 28 C.F.R. § 85.3(9), the civil penalties were adjusted to not less than $5,500 and not more than $11,000 for violations occurring on or after September 29, 1999.

### The Virginia Fraud Against Taxpayers Act

11.     The VFATA provides, in part, that:

A.  Any person who (1) [k]nowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval . . . shall be liable to the Commonwealth for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages sustained by the Commonwealth.

Va. Code Ann. § 8.01-216.3.  For violations occurring prior to July 1, 2007, the civil penalties were not less than $5,000 and not more than $10,000.

## <u>Va. Code Ann. § 32.1-312(A)(2)</u>

12.     Va. Code Ann. § 32.1-312 provides, in part that:

A.  No person, agency or institution . . . shall obtain or attempt to obtain benefits or payments where the Commonwealth directly or indirectly provides any portion of the benefits or payments pursuant to the Plan for Medical Assistance and any amendments thereto as provided for in § 32.1-325, hereafter referred to as "medical assistance" in a greater amount than that to which entitled by means of . . . (2) By willful misrepresentation, or by willful concealment of any material facts . . . .

B.  Any person, agency or institution knowingly violating any of the provisions of subsection A of this section shall be liable for repayment of any excess benefits or payments received, plus interest on the amount of the excess benefits or payments at the rate of 1 ½ percent each month for the period from the date upon which payment was made to the date upon which repayment is made to the Commonwealth.  Such person, agency or institution, in addition to any other penalties provided by law, shall be subject to civil penalties.

## <u>The Medicaid Program</u>

13.     The Medicaid Program, as enacted by Title XIX of the Social Security Act of 1965, 42 U.S.C. § 1396, *et seq*., is a joint federal-state program that provides health care benefits for certain groups, primarily indigent and disabled individuals.  The federal Medicaid statute establishes the minimum requirements for state Medicaid programs to qualify for federal funding.  42 U.S.C. § 1396a.

14.     The federal portion of each state's Medicaid payments, known as the Federal Medical Assistance Percentage ("FMAP"), is based on a state's per capita income compared to the national average.  42 U.S.C. § 1396d(b).  The FMAP for the Commonwealth is approximately 50%.

15.     The Medicaid statute requires each participating state to implement a plan containing certain specified minimum criteria for coverage and payment of claims.  42 U.S.C. §§ 1396, 1396a(a)(13), and 1396a(a)(30)(A).

5

16.     In the Commonwealth, DMAS awarded contracts to private companies to evaluate and process Medicaid claims for payment.  After processing the claims, the private companies generated funding requests to DMAS, which in turn obtained federal funds from the United States.

17.     By becoming a Virginia Medicaid provider, Shelburne agreed to abide by all laws, regulations, and procedures applicable to the Virginia Medicaid Program, including those governing reimbursement.

## THE DEFENDANT'S SCHEME

18.     From at least in or about August 1998, and continuing until on or about April 13, 2006, Shelburne, prepared and caused the preparation of claims for dental services provided to children and others who were Virginia Medicaid beneficiaries.  Before approximately June 2004, Shelburne, or an employee acting on his behalf or under his supervision, prepared and mailed claims to DMAS seeking payment for dental services by the Virginia Medicaid Program.  After approximately June 2004, Shelburne, or an employee acting on his behalf or under his supervision, prepared and electronically filed such claims with DMAS.

19.     Each time Shelburne submitted a claim to DMAS seeking Medicaid reimbursement for dental services, he represented to the United States and the Commonwealth of Virginia that:

      a.     He had complied with all federal and state law governing the provision of dental services for the Virginia Medicaid program.

      b.     The services billed were actually performed.

      c.     The services billed had not previously been billed and payment received.

    d.      The level at which services were billed were the level of services performed.

    e.      The services billed were medically necessary and otherwise met the applicable community and national standards of care.

20.    During the period August 1998 through April 2006 Shelburne knowingly presented, or caused to be presented, to DMAS and received payment for dental services for which there was no service performed, that were double-billed, that were rebilled, that were upcoded, or that were not medically necessary.

## COUNT ONE
## <u>Violation of 31 U.S.C. §§ 3729(a)(1)</u>

21.    The United States realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth in Count One.

22.    From at least February 24, 2003, and continuing until at least April 13, 2006, Shelburne knowingly presented, or caused to be presented, to DMAS for payment or approval, false or fraudulent claims for dental services for which no services were performed, that were double-billed, that were rebilled, that were upcoded, that were not medically necessary, or that were otherwise false or fraudulent, in violation of 31 U.S.C. § 3729(a)(1).

23-36.  The false or fraudulent claims included, but were not limited to, those made on the approximate dates stated below, for the Medicaid patients identified by initials, with the stated procedure codes and procedures, falsely and fraudulently causing the overpayment of the stated amounts, and which were false or fraudulent for the stated reasons:

| Par | Date | Pt Init. | Ref No. | Proc Code and Description | Over-Paymt | Reason |
|-----|------|----------|---------|---------------------------|------------|--------|
| 23 | 2/24/03 | GTD | 2003059302357101 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |

| | | | | | | |
|---|---|---|---|---|---|---|
| 24 | 3/3/03 | RAM | (a) 2003099302753001 | 00212-XRAY PANORAMIC SERIES | $48.58 | Double-billed |
| | | | (b) 2003069307666001 | 02332-RESIN ACID ETCH, THREE SURFACES, ANTERIOR | $89.87 | Not Medically Necessary |
| | | | (c) 2003069307666501 | 02335-RESIN ACID ETCH, THREE SURFACES, ANTERIOR | $89.87 | Not Medically Necessary |
| | | | (d) 2003069307666101 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| | | | (e) 2003069307666201 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| | | | (f) 2003069307666301 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| 25 | 3/31/03 | TSM | 2003097308432301 | 07110-EXTRACT SINGLE TOOTH SIMPLE | $47.56 | No Service Performed |
| 26 | 4/14/03 | TSM | (a) 2003111304664201 | 02930-CROWN STAINLESS STEEL PREFABRICATED STAINLESS STEEL CROWN-PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003111304664301 | 03220-THERAPEUTIC PULPOTOMY | $67.80 | Not Medically Necessary |
| 27 | 7/7/03 | NRC | (a) 2003220300301803 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003220300301805 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003220300301804 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (d) 2003220300301806 | D7140-EXTRACTION, ERUPTED TOOTH OR EXPOSED ROOT (ELEVATION AND/OR FORCEPS REMOVAL) | $47.56 | Double-billed |
| 28 | 7/23/03 | JSB | (a) 2003272300170201 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003272300170203 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003272300170202 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |

| | | | | | | |
|---|---|---|---|---|---|---|
| 29 | 8/6/03 | JSB | (a) 2003220300302001 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |
| | | | (b) 2003220300302003 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003220300302101 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (d) 2003220300302002 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (e) 2003220300302004 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (f) 2003220300302102 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| 30 | 8/13/03 | MMW | (a) 2003255300207902 | D2751-CROWN - PORCELAIN FUSED TO PREDOMINANTLY BASE METAL | $388.64 | No Service Performed; Not Medically Necessary |
| | | | (b) 2003255300208002 | D2950-CORE BUILDUP, INCLUDING ANY PINS | $89.87 | No Service Performed; Not Medically Necessary |
| | | | (c) 2003255300207901 | D3330-MOLAR (EXCLUDING FINAL RESTORATION) | $393.70 | No Service Performed; Not Medically Necessary |
| 31 | 8/19/03 | MMW | 2003255300208102 | D3330-MOLAR (EXCLUDING FINAL RESTORATION) | $393.70 | Double-billed |
| 32 | 1/29/04 | RAM | (a) 2004033301025401 | D2339-RESIN-BASED COMPOSITE - ONE SURFACE, ANTERIOR | $56.46 | Not Medically Necessary |
| | | | (b) 2004033301025404 | D2331-RESIN-BASED COMPOSITE - TWO SURFACES, ANTERIOR | $68.61 | Not Medically Necessary |
| | | | (c) 2004033301025402 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |
| | | | (d) 2004033301025403 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |

| | | | | | | |
|---|---|---|---|---|---|---|
| 33 | 3/2/04 | MAL | (a) 2004068301139607 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (b) 2004153300413201 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (c) 2004153300413202 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (d) 2004153300413203 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (e) 2004068301139603 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (f) 2004068301139604 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (g) 2004068301139605 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (h) 2004068301139606 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| 34 | 8/18/04 | CJS | (a) 2004236700473502 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (b) 2004236700473501 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| | | | (c) 2004236700473503 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| | | | (d) 2004254700958401 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| 35 | 10/11/05 | NRC | 2006037900355903 | D7140-EXTRACTION, ERUPTED TOOTH OR EXPOSED ROOT (ELEVATION AND/OR FORCEPS REMOVAL) | $63.36 | Double-billed |

| | | | | | | |
|---|---|---|---|---|---|---|
| 36 | 4/13/06 | DAB | (a) 2006158900592903 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $136.93 | No Service Performed |
| | | | (b) 2006158900592902 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $83.19 | No Service Performed |

The United States, as a result of defendant's conduct set forth in this Count, suffered actual damages in excess of $220,000.

## COUNT TWO
## Violation of Va. Code Ann. § 8.01-216.1, *et seq.*

37.     The Commonwealth re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth in Count Two.

38.     From at least February 24, 2003, and continuing until at least April 13, 2006, Shelburne knowingly presented, or caused to be presented, to an officer or employee of the Commonwealth, false or fraudulent claims for payment or approval for dental services for which no service was performed, that were double-billed, that were rebilled, that were upcoded, and that were not medically necessary, in violation of Va. Code Ann. § 8.01-216.3(A)(1).

39-52.  The false or fraudulent claims included, but were not limited to, those made on the approximate dates stated below, for the Medicaid patients identified by initials, with the stated procedure codes and procedures, falsely and fraudulently causing the overpayment of the stated amounts, and which were false or fraudulent for the stated reasons:

| Par | Date | Pt Init. | Ref No. | Proc Code and Description | Over-Paymt | Reason |
|---|---|---|---|---|---|---|
| 39 | 2/24/03 | GTD | 2003059302357101 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |

| | | | | | | |
|---|---|---|---|---|---|---|
| 40 | 3/3/03 | RAM | (a) 2003099302753001 | 00212-XRAY PANORAMIC SERIES | $48.58 | Double-billed |
| | | | (b) 2003069307666001 | 02332-RESIN ACID ETCH, THREE SURFACES, ANTERIOR | $89.87 | Not Medically Necessary |
| | | | (c) 2003069307666501 | 02335-RESIN ACID ETCH, THREE SURFACES, ANTERIOR | $89.87 | Not Medically Necessary |
| | | | (d) 2003069307666101 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| | | | (e) 2003069307666201 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| | | | (f) 2003069307666301 | 02335-RESIN ACID ETCH, FOUR OR MORE SURFACES, ANTERIOR | $104.04 | Not Medically Necessary |
| 41 | 3/31/03 | TSM | 2003097308432301 | 07110-EXTRACT SINGLE TOOTH SIMPLE | $47.56 | No Service Performed |
| 42 | 4/14/03 | TSM | (a) 2003111304664201 | 02930-CROWN STAINLESS STEEL PREFABRICATED STAINLESS STEEL CROWN-PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003111304664301 | 03220-THERAPEUTIC PULPOTOMY | $67.80 | Not Medically Necessary |
| 43 | 7/7/03 | NRC | (a) 2003220300301803 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003220300301805 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003220300301804 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (d) 2003220300301806 | D7140-EXTRACTION, ERUPTED TOOTH OR EXPOSED ROOT (ELEVATION AND/OR FORCEPS REMOVAL) | $47.56 | Double-billed |
| 44 | 7/23/03 | JSB | (a) 2003272300170201 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (b) 2003272300170203 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003272300170202 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |

| | | | | | | |
|---|---|---|---|---|---|---|
| 45 | 8/6/03 | JSB | (a) 2003220300302001 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |
| | | | (b) 2003220300302003 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (c) 2003220300302101 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $111.60 | Not Medically Necessary |
| | | | (d) 2003220300302002 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (e) 2003220300302004 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| | | | (f) 2003220300302102 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Not Medically Necessary |
| 46 | 8/13/03 | MMW | (a) 2003255300207902 | D2751-CROWN - PORCELAIN FUSED TO PREDOMINANTLY BASE METAL | $388.64 | No Service Performed; Not Medically Necessary |
| | | | (b) 2003255300208002 | D2950-CORE BUILDUP, INCLUDING ANY PINS | $89.87 | No Service Performed; Not Medically Necessary |
| | | | (c) 2003255300207901 | D3330-MOLAR (EXCLUDING FINAL RESTORATION) | $393.70 | No Service Performed; Not Medically Necessary |
| 47 | 8/19/03 | MMW | 2003255300208102 | D3330-MOLAR (EXCLUDING FINAL RESTORATION) | $393.70 | Double-billed |
| 48 | 1/29/04 | RAM | (a) 2004033301025401 | D2339-RESIN-BASED COMPOSITE - ONE SURFACE, ANTERIOR | $56.46 | Not Medically Necessary |
| | | | (b) 2004033301025404 | D2331-RESIN-BASED COMPOSITE - TWO SURFACES, ANTERIOR | $68.61 | Not Medically Necessary |
| | | | (c) 2004033301025402 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |
| | | | (d) 2004033301025403 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Not Medically Necessary |

13

| | | | | | | |
|---|---|---|---|---|---|---|
| 49 | 3/2/04 | MAL | (a) 2004068301139607 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (b) 2004153300413201 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (c) 2004153300413202 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (d) 2004153300413203 | D2332-RESIN-BASED COMPOSITE - THREE SURFACES, ANTERIOR | $89.87 | Double-billed |
| | | | (e) 2004068301139603 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (f) 2004068301139604 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (g) 2004068301139605 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (h) 2004068301139606 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| 50 | 8/18/04 | CJS | (a) 2004236700473502 | D2335-RESIN-BASED COMPOSITE - FOUR OR MORE SURFACES OR INVOLVING INCISAL ANGLE (ANTERIOR) | $104.04 | Double-billed |
| | | | (b) 2004236700473501 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| | | | (c) 2004236700473503 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| | | | (d) 2004254700958401 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $67.80 | Double-billed |
| 51 | 10/11/05 | NRC | 2006037900355903 | D7140-EXTRACTION, ERUPTED TOOTH OR EXPOSED ROOT (ELEVATION AND/OR FORCEPS REMOVAL) | $63.36 | Double-billed |

| 52 | 4/13/06 | DAB | (a) 2006158900592903 | D2930-PREFABRICATED STAINLESS STEEL CROWN - PRIMARY TOOTH | $136.93 | No Service Performed |
|---|---|---|---|---|---|---|
| | | | (b) 2006158900592902 | D3220-THERAPEUTIC PULPOTOMY (EXCLUDING FINAL RESTORATION) - REMOVAL OF PULP CORONAL TO THE DENTI | $83.19 | No Service Performed |

The Commonwealth of Virginia, as a result of defendant's conduct set forth in this Count, suffered actual damages in excess of $220,000.

## COUNT THREE
## Violation of Va. Code § 32.1-312(A)(2)

53.     The Commonwealth re-alleges and incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth in Count Three.

54.     Shelburne, with knowledge of, or in reckless disregard of, their truth, made willful misrepresentations or willfully concealed material facts in statements or records submitted to DMAS to obtain payments from DMAS for dental services.

55.     The Commonwealth, through DMAS, made substantial payments of money in reimbursement of Medicaid claims in justifiable reliance upon Shelburne's willful misrepresentations or willful concealment of material facts.

56.     Defendant's actions caused the Commonwealth to be damaged in excess of $220,000.

## COUNT FOUR
## Common Law Fraud

57.  The Commonwealth re-alleges and incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth in Count Four.

58.     Shelburne made false statements or material misrepresentations of fact in statements and records submitted to DMAS for the payment of dental services purportedly provided to pediatric Medicaid beneficiaries.

59.     Shelburne intended that DMAS rely upon the accuracy of the false statements or material misrepresentations referenced above.

60.     The Commonwealth, through DMAS, made substantial payments of money in reimbursement of Medicaid claims in justifiable reliance upon Shelburne's false statements or material misrepresentations.

Shelburne's actions caused the Commonwealth to be damaged in excess of $220,000.

**COUNT FIVE**
**Unjust Enrichment**

61.     The Commonwealth re-alleges and incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth in Count Five.

62.     Shelburne retained funds for which he was not entitled and has been unjustly enriched based on the false statements or material misrepresentations made to DMAS for the payment of dental services purportedly provided to Medicaid beneficiaries.

63.     In equity and good conscience, Shelburne should not be allowed to retain these funds and these funds should be returned to the Commonwealth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, United States of America and the Commonwealth of Virginia, pray judgment be entered in their favor and against defendant as follows:

1.     The Court order, pursuant to Count One and the False Claims Act, that defendant pay the United States triple the amount of its damages to be determined, plus civil penalties of up

to $11,000 for each false claim; for all costs of this civil action; and for such other and further relief as the Court deems just and equitable.

2.     The Court order, pursuant to Count Two, that defendant pay the Commonwealth triple the amount of its damages to be determined, plus civil penalties of up to $10,000 for each false claim; for all costs of this civil action; and for such other and further relief as the Court deems just and equitable.

3.     The Court order, pursuant to Count Three, that defendant pay the amount of damages to the Commonwealth, prejudgment interest, plus fees and costs; and

4.     The Court order, pursuant to Counts Four and Five, that defendant pay the amount of damages to the Commonwealth, prejudgment interest, plus fees and costs; and

5.     The Court award such other and further relief as is just, equitable and proper.

DATED this 6th day of November, 2009.

UNITED STATES OF AMERICA:

TIMOTHY J. HEAPHY
United States Attorney

/s/ Rick A. Mountcastle
Rick A. Mountcastle, VSB #19768
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA  24008-1709
540/857-2254; 540/857-2283 (fax)

COMMONWEALTH OF VIRGINIA:

/s/ Joseph E. H. Atkinson
Joseph E. H. Atkinson, VSB #70016
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, VA  23219
804/692-0586; 804/786-3509 (fax)