IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and ) <br> COMMONWEALTH OF VIRGINIA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROY SILAS SHELBURNE, ) <br> ) <br> Defendant. ) | Civil Action No. 2:09-CV-00072 |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice (the "United States"), the Commonwealth of Virginia, acting through the Office of the Attorney General for Virginia (the "Commonwealth"), and Roy Silas Shelburne (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A. Roy Silas Shelburne ("Shelburne") was a licensed dentist who practiced dentistry in Pennington Gap, Virginia.

B. On November 6, 2009, the United States and the Commonwealth filed an action in the United States District Court for the Western District of Virginia captioned *United States of America and Commonwealth of Virginia v. Roy Silas Shelburne*, Civil Action No. 2:09-CV-00072, Dkt. No. 1 (the "Civil Action").

C. The United States and the Commonwealth contend that Shelburne presented or caused to be presented claims for payment to the Virginia Medicaid Program

(Medicaid), Title XIX of the Social Security Act of 1965, 42 U.S.C. §§ 1396-1396w-5. The federal portion of each state's Medicaid payments, known as the Federal Medical Assistance Percentage ("FMAP"), is based on a state's per capita income compared to the national average. 42 U.S.C. § 1396d(b). The FMAP for the Commonwealth of Virginia is approximately 50%.

D. The United States and the Commonwealth contend that they have certain civil claims against Shelburne arising from his knowing presentation to the Virginia Department of Medical Assistance Services (DMAS), false or fraudulent claims for payment or approval of payment for dental services for which no services were performed, that were double-billed, that were rebilled, that were upcoded, that were not medically necessary, or that were otherwise false or fraudulent, in violation of 31 U.S.C. § 3729(a)(1) and Va. Code Ann. §§ 8.01-216.3(A)(1) and 32.1-312(A)(2), during the period February 24, 2003 through April 13, 2006. That conduct is referred to in this Agreement as the "Covered Conduct."

E. This Settlement Agreement is neither an admission of liability by Shelburne nor a concession by the United States and the Commonwealth that its' claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Shelburne shall pay to the United States and the Commonwealth the total sum of **$25,045.40** ("Settlement Amount") by cashier's check payable to the United

States, to be delivered to the Office of the United States Attorney for the Western District of Virginia, ATTN: Financial Litigation Unit, 310 First Street, S.W., Room 906, Roanoke, VA 24011, no later than 21 days after the Effective Date of this Agreement.

2. Subject to the exceptions in Paragraph 3 below (concerning excluded claims), and conditioned upon Shelburne's full payment of the Settlement Amount, the United States and the Commonwealth release Shelburne from any civil monetary claim the United States and/or the Commonwealth have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216; the Virginia Fraud Statute, Va. Code Ann. § 32.1-312; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the release given in paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States and the Commonwealth are specifically reserved and are not released:

    a. Any liability arising under Title 26, United States Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Any administrative liability, including mandatory exclusion from Federal and State health care programs;

    d. Any liability to the United States (or its agencies) or the Commonwealth (or its agencies) for any conduct other than the Covered Conduct;

3

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g. Any liability for failure to deliver goods or services due; and

h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

4. Nothing in this Agreement constitutes an agreement by the United States or the Commonwealth concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

5. Shelburne fully and finally releases the United States and the Commonwealth, their respective agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Shelburne has asserted, could have asserted, or may assert in the future against the United States and the Commonwealth, and their respective agencies, employees, servants, and agents, related to the Covered Conduct and the investigation and prosecution thereof by the United States and the Commonwealth.

6. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicaid contractor or any state payer, related to the Covered Conduct; and Shelburne agrees not to resubmit to any Medicaid contractor or any state payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

7. Shelburne agrees to the following:

a.  Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Shelburne, and his present or former employees or agents in connection with:

    (1)  the matters covered by this Agreement;

    (2)  the United States' and the Commonwealth's audit(s) and civil investigation(s) of the matters covered by this Agreement;

    (3)  Shelburne's investigation, defense, and corrective actions undertaken in response to the United States' and the Commonwealth's audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

    (4)  the negotiation and performance of this Agreement; and

    (5)  the payment Shelburne makes to the United States and the Commonwealth pursuant to this Agreement.

b.  Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Shelburne, and Shelburne shall not charge such Unallowable Costs directly or

5

indirectly to any contracts with the United States, the Commonwealth, or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Shelburne to a Federal or State funded health care benefits program.

c. Nothing in this Agreement shall constitute a waiver of the rights of the United States or the Commonwealth to audit, examine, or re-examine Shelburne's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

8. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 9 (waiver for beneficiaries paragraph), below.

9. Shelburne agrees that he waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

10. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

11. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

12. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

13. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of Virginia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

15. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

16. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17. This Agreement is binding on Shelburne's successors, transferees, heirs, and assigns.

18. All parties consent to the United States' and the Commonwealth's disclosure of this Agreement, and information about this Agreement, to the public.

19. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 1/15/13  BY: *(signature)*
Kartic Padmanabhan
Assistant United States Attorney
Western District of Virginia
VSB No. 74167
P. O. Box 1709
Roanoke, VA 24008

THE COMMONWEALTH OF VIRGINIA

DATED: 2/11/13  BY: _____
CYNTHIA B. JONES
Director
Department of Medicaid Assistance Services

DATED: 2/13/13  BY: _____
RANDALL L. CLOUSE
Director
Medicaid Fraud Control Unit
Virginia Attorney General's Office

ROY SILAS SHELBURNE - DEFENDANT

DATED: 12/31/12    BY: _____
                        Roy Silas Shelburne

DATED: 1/8/13     BY: _____
                        Gregory M. Stewart, Esq.
                        Counsel for Roy Silas Shelburne